UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSICA SHELL, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:04-CV-1817 CAS |
| GLENN O. EBKER, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This closed matter is before the Court on defendant Glenn O. Ebker's amended motion for bill of costs and plaintiff's objection thereto. For the following reasons, plaintiff's objection will be overruled.

**Background**.

This was an action under 42 U.S.C. § 1983 and state law, in which plaintiff Jessica Shell alleged that her constitutional rights were violated in connection with a sheriff's investigation into her report that guns had been stolen from her parents' home. The Court granted defendants' motion for summary judgment in favor of defendant Gasconade County and granted the motion in part and denied it in part with respect to defendant Ebker. The case went to trial on the remaining claims against defendant Ebker, and the jury returned its verdict in favor of defendant.

**Discussion**.

As a threshold matter, it is presumed that a prevailing party is entitled to costs. See Federal Rule of Civil Procedure 54(d); Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995). "When an expense is taxable as a cost, . . . there is a strong presumption that a prevailing

party shall recover it in full measure." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002) (internal quotation omitted). "The losing party bears the burden of making the showing that an award is inequitable under the circumstances." Id. (internal citation and quotation omitted).

Plaintiff objects to the award of costs on the basis that she is "wholly without funds to pay costs, as evidenced by her financial affidavit to be filed herein." Pl.'s Objection at 1. Plaintiff did not file a financial affidavit, however. Plaintiff does not object to any of the requested items of cost as improper.

Even if plaintiff were indigent, an award of costs would not be improper. Costs may be awarded even against indigent persons who were granted in forma pauperis status. See 28 U.S.C. § 1915(f); Lampkins v. Thompson, 337 F.3d 1009, 1017 (8th Cir. 2003); cf. Galvan v. Cameron Mut. Ins. Co., 831 F.2d 804, 805-06 (8th Cir. 1987) (per curiam). Plaintiff has failed to meet her burden to show that an award of costs is inequitable under the circumstances of this case. Defendant, as the prevailing party, is therefore entitled to an award of costs.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's amended motion for bill of costs is granted. [Doc. 44]

**IT IS FURTHER ORDERED** that defendant's motion for bill of costs is **DENIED as moot**. [Doc. 43]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax costs in favor of defendant Ebker in the amount of Two Thousand Three Hundred One Dollars and Thirty-Four Cents ($2,301.34).

                                                                    _____
                                                                    **CHARLES A. SHAW**
                                                                    **UNITED STATES DISTRICT JUDGE**

Dated this  28th  day of June, 2006.