# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA SHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:04-CV-1817 CAS |
| | ) | |
| GLENN O. EBKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court on plaintiff Jessica Shell's motion to reconsider the Court's order requiring plaintiff to pay defendant's costs. Defendant Glenn O. Ebker has not responded to the motion to reconsider and the time to do so has passed. For the following reasons, plaintiff's motion to reconsider will be granted and the parties will be ordered to bear their own costs.

**Discussion**.

The Court previously set forth the background of this action when it addressed plaintiff's objections to defendant's bill of costs in the Memorandum and Order of June 28, 2006. As the Court previously stated, it is presumed that a prevailing party is entitled to costs. See Federal Rule of Civil Procedure 54(d); Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995). "When an expense is taxable as a cost, . . . there is a strong presumption that a prevailing party shall recover it in full measure." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002) (internal quotation omitted). "The losing party bears the burden of making the showing that an award is inequitable under the circumstances." Id. (internal citation and quotation omitted).

In this case, plaintiff previously objected to the award of costs on the basis that she was entirely without funds to pay costs, but did not submit an affidavit in support of her assertion. Plaintiff has now submitted a financial affidavit in support of her motion to reconsider. Plaintiff's affidavit indicates that she is 21 years old, has a two-year old child to support, her husband is incarcerated, and while she has obtained a job with a bail bond company, she had not yet worked at that job at the time the affidavit was prepared. The job will not provide health insurance coverage. Plaintiff does not own any real property and has a 1992 Chrysler automobile valued at $500. Plaintiff receives $234 per month for her child and has monthly expenses of approximately $1000. Plaintiff has no cash on hand. The evidence at trial also indicated that plaintiff is pregnant with her second child.

Although costs may be awarded even against indigent persons, see 28 U.S.C. § 1915(f); Lampkins v. Thompson, 337 F.3d 1009, 1017 (8th Cir. 2003), it is appropriate for the Court to consider the economic hardship of parties against whom costs are assessed. Id. In this case, the Court in the exercise of its discretion concludes that an award of costs against plaintiff would be an undue economic hardship, and notes that plaintiff's claims were not frivolous even though the jury did not return a verdict in her favor. As a result, plaintiff has established that an award of costs against her would be inequitable.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration is **GRANTED**. [Doc. 48]

**IT IS FURTHER ORDERED** that the Memorandum and Order of June 28, 2006 granting defendant's amended motion for bill of costs is **VACATED**. [Doc. 46]

**IT IS FURTHER ORDERED** that the bill of costs previously taxed by the Clerk of the Court is **VACATED**. [Doc. 47]

**IT IS FURTHER ORDERED** that the Judgment in this case will be modified to the extent that each party shall bear his or her own costs. [Doc. 42]

An Amended Judgment shall accompany this memorandum and order.

                                            **CHARLES A. SHAW**
                                            **UNITED STATES DISTRICT JUDGE**

Dated this   24th   day of July, 2006.